532 P.2d 552

**STATE of Arizona, Appellee,**

v.

**Roy Martinez BARROZA, Appellant.**

**No. 1 CA–CR 772.**

Court of Appeals of Arizona,
Division 1,
Department A.
March 11, 1975.

Bruce E. Babbitt, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

Appellant/defendant Roy Martinez Barroza pleaded guilty to two counts of burglary in the second degree in return for the dismissal of a petition to revoke probation in another case. He was sentenced on July 9, 1974 to serve concurrent terms of not less than one nor more than five years on both counts. His appeal asserts that the trial court failed, under Rule 17.3, Rules of Criminal Procedure, 17 A.R.S., to establish that a factual basis existed for the guilty plea to one of the two burglary counts.

We find that the record clearly establishes a factual basis for both guilty pleas and that the trial court so found before accepting the pleas as required by Rule 17.3, Rules of Criminal Procedure, 17 A.R.S. In our opinion, Rule 17.3 requires that the record as a whole must be sufficient to establish a factual basis for the acceptance by the trial court of a guilty plea at the plea proceeding. But it is not necessarily reversible error if the trial judge does not acknowledge the factual basis at that time. Likewise, if there is an absence of facts themselves on the record at the plea proceeding, but a statement by the trial judge at that time that he has found a factual basis, *and* this is borne out by the record as a whole on appeal, it would not necessarily be reversible error. See State v. Vasquez, 21 Ariz.App. 445, 520 P.2d 539 (1974).

The transcript of the preliminary hearing and the probation officer's presentencing report were before the trial court at the hearing on acceptance of the guilty pleas. That record indicated that police apprehended appellant returning to the scene of one burglary where some stolen television sets were hidden; that his wallet (with identification) and his coat were found at the scene of the other burglary; and that he voluntarily admitted to police that he burglarized these and other locations in order to support a $100.00 a day heroin habit. Here the record does not indicate any prejudice to the defendant and if any error was made it was technical in nature. See Arizona Constitution, Article 6, § 27, A.R.S., and State v. Mendiola, 23 Ariz.App. 251, 532 P.2d 193 (filed March 4, 1975).

Affirmed.

OGG, P. J., and FROEB, J., concur.